UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOWDEN,

        Petitioner,

                                    CASE NO. 2:08-CV-14355
v.                                  HONORABLE DENISE PAGE HOOD

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.     Introduction

This is a habeas case under 28 U.S.C. § 2254. Robert Bowden ("Petitioner") is a state prisoner currently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. He pleaded guilty to three counts of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct in the Livingston County Circuit Court and was sentenced to concurrent terms of 14 to 30 years imprisonment and 10 to 15 years imprisonment in 2001. Petitioner did not pursue a direct appeal in the Michigan appellate courts. *See* Pet., p. 1. He has now filed the present petition for writ of habeas corpus asserting that the state court lacked probable cause for the complaint, the issuance of an arrest warrant, and jurisdiction. For the reasons set forth, the Court dismisses the habeas petition without prejudice. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to bring in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he has not presented his habeas claims to the Michigan courts. Petitioner has an available state court remedy to challenge his convictions which must be exhausted before he seeks federal habeas review. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through the state appellate courts as necessary.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his available state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the timeliness or

merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 29, 2008

I hereby certify that a copy of the foregoing document was served upon Robert Bowden, Reg. No. 378278, W. Shoreline Correctional Facility, 2500 S. Sheridan Dr., Muskegon, MI 49444 on October 29, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

3